Sabino LOBATOS, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–174.

Supreme Court of Wyoming.

May 26, 1994.

State Public Defender Program, Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, Cheyenne, and Bernard P. Haggerty, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Senior Asst. Atty. Gen., and Georgia L. Tibbetts, Asst. Atty. Gen., Cheyenne, for appellee.

Before THOMAS, CARDINE, GOLDEN and TAYLOR, JJ., and BROWN, J. (Retired).

GOLDEN, Justice.

Following a jury conviction for two felony charges of delivery of marijuana within five hundred feet of a public school to an individual under the age of eighteen years, appellant Sabino Lobatos was sentenced to concurrent terms of two to four years in the Wyoming State Penitentiary, fined $1,000, and ordered to compensate the Victim's Compensation Fund. Appellant alleges constitutional rights violations and insufficient evidence require a reversal of his conviction.

We affirm.

## ISSUES

Appellant raises the following issues:

I. Whether trial counsel's deficient performance—including his failure to file any pretrial motions—deprived Mr. Lobatos of his state and federal constitutional right to effective assistance of counsel, requiring reversal of Mr. Lobatos's convictions.

II. Whether the circumstantial "other crimes" evidence used by the jury to find Mr. Lobatos guilty of count I was constitutionally insufficient evidence.

III. Whether Mr. Lobatos's absence at arraignment, the jury instruction conference, the jury question conference, and a portion of sentencing, constituted reversible error.

IV. Whether the trial court's failure to advise Mr. Lobatos, on the record, about his right to testify constituted reversible error.

V. Whether the trial court's issuance of a no-knock search warrant violated Mr. Lobatos's state and federal constitutional rights to be free from unreasonable search and seizure.

The state restated the issues as:

I. Was there sufficient evidence to convict appellant on count I?

II: Was appellant's right to be present satisfied by his presence at all critical stages of his trial?

III: Did the trial court commit reversible error by failing to obtain an on the record waiver by appellant of his right to testify?

IV: Was the no-knock search warrant properly issued pursuant to W.S. § 35-7-1045?

V:. Did appellant receive effective assistance of counsel?

## FACTS

On the mornings of December 2 and December 3, 1992, several junior high school students entered the basement of an apartment building across the street from their school in Gillette, Wyoming. The students frequently congregated in a laundry room of the basement to smoke cigarettes. Appellant's apartment adjoined the laundry room.

Two students testified that on the morning of December 2, 1992, appellant entered the laundry room and gave them something which looked like a cigarette but which he called a "doobie." The students who smoked it testified it smelled differently than cigarettes, had a strong stench and affected them differently than cigarette smoking by either giving them a "buzz" or making them feel "lightheaded." Three students testified they were in appellant's apartment on the morning of December 3, 1992, when he passed around a pipe filled with marijuana. Two students smoked from the pipe. One returned to school and visited her counselor. The school nurse and the principal of the junior high school smelled a heavy smoke odor from the student and after conducting a brief evaluation suspected she had used drugs. The Gillette police department was called; a detective came to interview the student and also smelled the smoke. The detective identified the odor as marijuana and had the student draw a picture of the pipe which had been passed around in the apartment. The detective then interviewed two other students about the events of the previous two mornings while a fellow detective left to get a search warrant for the basement apartment.

The search warrant the police acquired and executed was a "no-knock" search warrant. A junior high student was inside the apartment when the police searched. She later testified she too had smoked from the pipe. During the search, police found a baggie of leaves and a pipe. Chemical analysis confirmed the contents of the pipe and baggie were marijuana. Chemical analysis of the appellant's and two students' urine and blood were negative for marijuana use, however. It was established at trial that appellant's age was fifty-two years and the apartment was located within 500 feet of a public school. Appellant was positively identified by fourteen and fifteen-year old students as the one who delivered marijuana to them.

During jury deliberations, the trial court received two questions from the jury. One asked, "[C]an you explain what circumstantial evidence is and how it can or cannot be used?" The court's response instructed the jury to reread instruction No. 9 which was a definition of circumstantial evidence and direct evidence. The other jury question and the court's response is discussed in detail in the discussion of this opinion.

The jury found appellant guilty on both charges, and this appeal followed.

## DISCUSSION

Conviction for unlawful delivery of a controlled substance carries a maximum imprisonment penalty of ten years and a maximum fine of $10,000. Wyo.Stat. § 35-7-1031(a)(ii) (1988). However, if the delivery is to a person under eighteen who is at least three years junior to the deliverer, Wyo.Stat. § 35-7-1036(a) (1988) authorizes the penalty under § 35-7-1031(a) to double. Wyo.Stat. § 35-7-1036(b)(i)(A)(I) and (II) (Supp.1993) further increase the penalties if one is convicted of a delivery under § 35-7-1031(a) or § 35-7-1036(a) made within 500 feet of school property used primarily for kindergarten through twelfth grade education.

Insufficient Evidence

 Appellant contends the only evidence that marijuana was the substance delivered to the students on the morning of December 2 was inadmissible and, therefore, the jury improperly concluded the state had proven the element of substance identity beyond a reasonable doubt. This court's standard for reviewing insufficient evidence claims in criminal cases is well established. *Bouwkamp v. State*, 833 P.2d 486, 493 (Wyo. 1992). We view the evidence and appropriate inferences in the light most favorable to the state and determine whether any rational jury could have found beyond a reasonable doubt that the defendant violated the statute as charged. *Id.* We do not consider the conflicting evidence of the defendant and, as a reviewing court, we do not reweigh the evidence or reexamine the credibility of the witnesses. *Pisano v. State*, 828 P.2d 666, 669 (Wyo.1992); *Ostrowski v. State*, 665 P.2d 471, 481 (Wyo.1983). Circumstantial evidence stands equally with direct evidence and is tested for sufficiency under this same standard. *Seaton v. State*, 811 P.2d 276, 278-79 (Wyo.1991).

Appellant recites the events during jury deliberations as proof the jury's guilty verdict on count I was based upon inadmissible evidence. As already mentioned, the jury asked two questions during deliberations. The jury's second question asked, "[A]nd can we use evidence from the December 3rd to reach a verdict for December 2nd?" There was no objection when the court responded:

> Yes, you can consider all evidence produced during the trial but you must find beyond a reasonable doubt all elements as shown in instruction # 4 * * * including the date of occurrence, in order to find the defendant guilty on Count I. If you find one or more elements not proved beyond a reasonable doubt as shown in instruction # 4, you should find the defendant not guilty on Count I.

Appellant now claims this instruction was inconsistent with jury instruction No. 8. That instruction stated:

> The defendant has been charged with two separate offenses. It is your duty to deliberate upon and decide each of the State's charges separately and independently from the other and under no circumstances are you to consider the facts and evidence relating to one of the charges in determining the guilt or innocence of the defendant on the other charge.

Appellant contends the lack of direct evidence of the cigarette's contents and the court's response permitted the jury to find him guilty of count I using only the circumstantial evidence that he was guilty of count II. He reasons that since this instruction permitted the jury to consider the contents of the baggie seized December 3, 1992, to determine whether marijuana was in the cigarette delivered December 2, 1992, the jury used circumstantial evidence of "other crimes" in violation of WYO.R.EVID. 404(b) and its verdict was therefore supported by constitutionally insufficient evidence. We do not agree with this characterization of events and believe appellant misconstrues the operation of Rule 404(b).

The jury instructions are not inconsistent with one another, but complementary. As informed by instruction No. 8, the jury could not assume that the cigarette's contents was marijuana simply because the baggie's contents was proven to be marijuana. However, as informed by the second instruction, the jury is permitted to consider all of the facts and evidence produced during the trial. The jury was also instructed that it was proper to consider circumstantial evidence and weigh it equally with direct evidence.

While there was no direct evidence identifying the contents of the cigarette given to the students on December 2, 1992, the element of substance identity can be proven beyond a reasonable doubt based upon circumstantial evidence. *United States v. Harrell*, 737 F.2d 971, 978 (11th Cir.1984), *cert. denied*, 470 U.S. 1027, 105 S.Ct. 1392, 84 L.Ed.2d 781 (1985). Such a rule is generally followed by courts because it is realized that unlawful distribution of a substance, which by its nature is to be consumed, should not escape prosecution because the state could not seize a sample of the substance. *United States v. Schrock*, 855 F.2d 327, 334 (1988).

The trial court correctly instructed the jury to consider all of the evidence in its deliberations because the evidence was produced in accordance with general evidentiary principles which sufficiently allowed the jury to identify the substance beyond a reasonable doubt. *Schrock*, 855 F.2d at 334; *United States v. Osgood*, 794 F.2d 1087, 1095 (5th Cir.1986), *cert. denied*, 479 U.S. 994, 107 S.Ct. 596, 93 L.Ed.2d 596; and *see*, WYO. R.EVID. 402. The jury could properly consider the relevance of the contents of the baggie and pipe to the question of whether marijuana was delivered to students on both December 2 and December 3, 1992, in combination with other evidence. The state provided testimony that it was appellant who delivered both the cigarette and the pipe to the students. Several students testified they had smoked cigarettes for a number of years and the smell and effect of the cigarette from appellant was quite different. Two students testified the stench of the cigarette was of marijuana, they took "hits" off of it, passed it around, and got a "buzz" or "lightheaded." Two students with prior experience testified that it was "pot" or "marijuana." One student who smoked on both days testified that the odors and physical effects were similar.

The state provided testimony that chemical tests confirmed the baggie held marijuana and students inside the apartment on December 3 confirmed that appellant knew the location of the baggie and actually accessed it.

From this cumulative circumstantial evidence the sufficiency of the evidence test is met since the jury could have rationally inferred that the substance delivered by appellant on December 2 was the same substance seized on December 3. The jury could properly infer from all circumstantial evidence that the contents of the cigarette was marijuana. There was no use of "character evidence" in violation of WYO.R.EVID. 404(b) and no error.

SEARCH WARRANT

■ On three fronts, appellant attacks the validity of the search warrant as both constitutionally and statutorily inadequate. Because appellant's counsel offered no pretrial motion to suppress the evidence gained during the search and no objection to admission at trial, we consider appellant's claim under the plain error standard. *Porth v. State*, 868 P.2d 236, 242 (Wyo.1994). This court determines plain error when (1) the record clearly shows the incidents alleged as plain error; (2) appellant demonstrates the violation of a clear and unequivocal rule of law; and (3) it is shown that a substantial right of the appellant was materially prejudiced. *Id.*

We agree with appellant that the record concerning the warrant and affidavit is clear. We disagree that reversal is warranted because of clear violations of the constitution's Fourth Amendment and WYO.STAT. § 35–7–1045 (1988) and material prejudice to appellant.

Appellant complains that counsel should have moved to suppress the warrant as invalid because of its no-knock provision and because it failed to particularly describe the pipe and marijuana seized and failed to state with particularity that appellant would be seized. Police obtained an arrest warrant the day following the arrest in order to further restrain appellant. We hold that the no-knock provision of the search warrant was valid, the item descriptions were adequate, and appellant's seizure under the law of warrantless arrests was constitutional.

*No Knock Warrant*

1. *Constitutional Validity*

■ The state concedes the United States Supreme Court decided in *Ker v. California*, 374 U.S. 23, 39–40, 83 S.Ct. 1623, 1632–33, 10 L.Ed.2d 726, 741–42 (1963) that the Fourth Amendment of the United States Constitution requires officers executing a search warrant to knock and announce their presence and intent before searching a residence unless exigent circumstances warrant an unannounced entry.[1] Appellee contends these exigent circumstances are codified in WYO.STAT. § 35–7–1045(e) and if shown to the issuing judge's satisfaction, permit issuance of a no-knock search warrant.

The relevant portion of the search warrant affidavit presented to the judge stated:

6. This warrant is requested pursuant to violation of Wyoming law involving controlled substances, the penalty for which is imprisonment for more than one (1) year, and the property sought may and, if such notice is given, will be easily and quickly disposed of or destroyed. Therefore, affiant requests authorization for a no-knock search of said premises.

Appellant claims that a no-knock search warrant is constitutionally invalid if it is issued upon the mere statement that the search is for drugs which are easily disposed of or destroyed. He characterizes this search warrant as so general as to create a "blanket rule" approach of no-knock searches whenever drugs are involved. Appellant relies on *State v. Cleveland*, 118 Wis.2d 615, 348 N.W.2d 512, 519 (1984) for his argument against such a blanket rule. Since appellant filed his brief, the Wisconsin Supreme Court overruled *Cleveland* in *State v. Stevens*, 181 Wis.2d 410, 511 N.W.2d 591 (1994), where the

---

1. Many commentators and a few courts disagree that the Supreme Court decision so held. *See State v. Stevens*, 181 Wis.2d 410, 511 N.W.2d 591, 593 (1994) (collecting cases and other authorities).

court adopted the "blanket-rule" approach whenever there is evidence of drug dealing.

■ However, we do not consider the application of these cases since we find that this warrant properly permitted an entry without announcement based on the affidavit's contents describing the quantity and nature of the property and the circumstances surrounding its possession. *See Patterson v. State*, 691 P.2d. 253, 259 (Wyo.1984) (upholding a warrantless search to avoid destruction of evidence). Since we have never before considered the issue, we hold that the standard of review in considering whether a no-knock search warrant was properly issued is similar to our review of whether there was probable cause to issue a search warrant. Just as when reviewing probable cause, we shall afford the issuing judge's determination great deference upon appeal and the determination must be reviewed under a "totality of the circumstances test." *Davis v. State*, 859 P.2d 89, 94 (Wyo.1993).

■ After concluding probable cause exists to issue a search warrant, the issuing judge should separately consider whether exigent circumstances justify execution of a search warrant without the requirement of first knocking and announcing the purpose for the police presence. The appropriate test is whether the police information obtained in advance shows reasonable cause to believe exigent circumstances as set forth in the statute exist which would endanger the successful execution of the warrant. 2 Wayne L. LaFave, Search and Seizure, § 4.8(d) at 283 (1987). By affidavit, the issuing judge must have sufficient information to independently judge whether the exigent circumstances described in the statute exist and justify the no-knock warrant. Although certainty is not required, the affidavit in support of the warrant must include more than bare conclusions or mere suspicions of those seeking the warrant. It must include facts sufficient to warrant a reasonably prudent and cautious person to believe the exigent circumstances existed.

The state justifies the issuance of the no-knock search warrant here because the affidavit stated sufficient facts to determine the property might be easily disposed of or destroyed. Those facts were that marijuana and pipe items were the objects of the search and there were three adult males inside who could destroy the evidence. We also note that the affidavit stated "the substance … was stored in a small plastic baggie."

We agree with the state that these facts are constitutionally sufficient to permit the issuance of the no-knock search warrant. We reject appellant's characterization of the warrant as approving a no-knock entry simply because drugs are by their nature amenable to ready disposal or destruction. Based on these facts, we do not find that the search warrant was issued simply because drugs were the property to be searched for and seized. In this case, the search warrant affidavit contained a minimum showing of facts which effectively permitted the judge to evaluate whether there was reasonable cause to believe that the notice would endanger the successful execution of the warrant. Here, the small quantity indicated that the property might be easily disposed of or destroyed *and* the number of people inside made it more likely the property could be easily destroyed should the police first knock and announce.

The facts above indicate particular reasons to reasonably believe in this particular case that evidence would be destroyed. There was no constitutional violation.

### 2. *Statutory Validity*

Wyo.Stat. § 35–7–1045(e) authorizes execution of a search warrant without notice of an officer's authority and purpose under certain circumstances. The statute unambiguously states a no-knock warrant may be issued only when the offenses involve controlled substance violations which carry a penalty of imprisonment for more than one year. Appellant contends the statute is violated in paragraph four of the search warrant affidavit because the officer cited the suspected violation as Wyo.Stat. § 35–7–1031(c), which is misdemeanor possession of controlled substances and punishable only by six months of imprisonment. Appellant claims a statutory violation warrants suppression of the evidence.

■ The state argues that the criminal activity description contained in the rest of the affidavit satisfies the statute. Since appellant offers no authority or argument why consideration of the contents of the affidavit as a whole does not comply with the statute, we do not address the issue. We also disagree that had there been a violation, it would automatically result in exclusion of the evidence. *See United States v. Shelton,* 742 F.Supp. 1491, 1502 (D.Wyo.1990).

*Description*

■ The Fourth Amendment specifically requires that no warrant issue which does not particularly describe the thing to be seized. U.S. CONST.AMEND. 4. If the requisite description does not meet the constitutional standard, the appropriate remedy is suppression of the evidence unless the good faith exception applies. *United States v. Leon,* 468 U.S. 897, 913, 104 S.Ct. 3405, 3415, 82 L.Ed.2d 677, 692 (1984). The underlying purpose of the particularity requirement is to "[make] general searches under them impossible and prevent the seizure of one thing under a warrant describing another." *Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231, 237 (1927).

The warrant described the evidence as "controlled substances and paraphernalia used the use of controlled substances." [sic] Courts have routinely upheld similar descriptions of contraband that includes narcotic drugs, controlled substances and narcotics paraphernalia. *United States v. Spears,* 965 F.2d 262, 277 (7th Cir.1992); *People v. Henry,* 173 Colo. 523, 482 P.2d 357, 361 (1971); *State v. O'Campo,* 103 Idaho 62, 644 P.2d 985, 988 (1982); *State v. Williams,* 297 S.C.

404, 377 S.E.2d 308, 310 (1989). Such property is contraband and the character of contraband makes a more particular description unnecessary. *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698, 700 (1970). The concern that an officer not seize the wrong specific property is not present with property of the specified character of contraband. *Id.* This is not to say that a general reference to contraband would be sufficiently particular. *United States v. Morris,* 977 F.2d 677, 682 (1st Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1588, 123 L.Ed.2d 155 (1993) (impermissibly broad to authorize seizure of "any other object in violation of the law.") We find no error with the description in this case.

*Seizure of Person*

■ WYO.STAT. § 7–2–103(a)(ii) (1987) allows a peace officer to arrest without warrant when the officer has probable cause to believe that a felony has been committed and that the person to be arrested committed it.[2] We have previously held the statute does not violate the Fourth Amendment to the United States Constitution. *Ostrowski,* 665 P.2d at 476 (citing *Michigan v. DeFillippo,* 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979)). There is probable cause to arrest without a warrant when the facts and circumstances within the peace officer's knowledge came from reasonably trustworthy information and were sufficient to warrant a reasonably cautious or prudent person to believe that the person arrested had committed an offense. *Ostrowski,* 665 P.2d at 476. Our review is limited to whether the probable cause was reasonable based upon an objective consider-

---

**2.** WYO.STAT. §§ 7–2–102 and 7–2–103 (1987) were amended pursuant to 1993 WYO.SESS.LAWS, ch. 165 § 1. The amendment was approved March 3, 1993. The statute in its entirety now reads:

(a) A peace officer may arrest a person when the officer has a warrant commanding that the person be arrested or the officer has reasonable grounds for believing that a warrant for the person's arrest has been issued in this state or in another jurisdiction.

(b) A peace officer may arrest a person without a warrant when:

(i) Any criminal offense is being committed in the officer's presence by the person to be arrested;

(ii) The officer has probable cause to believe that a felony has been committed and that the person to be arrested has committed it; or

(iii) The officer has probable cause to believe that a misdemeanor has been committed, that the person to be arrested has committed it and that the person, unless immediately arrested:

(A) Will not be apprehended;

(B) May cause injury to himself or others or damage to property; or

(C) May destroy or conceal evidence of the commission of the misdemeanor.

WYO.STAT. § 7–2–102 (Supp.1993).

ation of the record when viewed in a practical, sensible manner. *Id.*

The record indicates the police detective had information to cause him to believe that appellant had committed three different crimes. He had interviewed students who stated that appellant had delivered an illegal substance to minors in a location across the street from the school. The students had described appellant, the baggie of drugs and the pipe. Based on his training and experience, the detective smelled and recognized an odor of marijuana from one student. That same training led to the detective's reasonable belief that the grassy substance he found in the baggie was marijuana. Further confirmation of probable cause to believe a crime had been committed was the presence of a minor inside the apartment when the search was executed. There was no error.

### RIGHT TO TESTIFY

■ Appellant premises his claim that his right to testify was denied upon a portion of the opinion in *Sanchez v. State,* 841 P.2d 85 (Wyo.1992), where this court suggested that appellate review would be assisted by a trial court's asking the defendant out of the presence of the jury whether he wanted to testify. This suggestion is not a mandatory procedure, and appellant incorrectly asserts that the trial court's failure to ask is a denial of the right to testify. Appellant here has the burden of proving his right to testify was denied and a minimal burden of showing the relevant testimony he would have offered. *See, Sanchez,* 841 P.2d at 88. Since appellant fails in proving his right to testify was denied, there was no error.

### RIGHT TO BE PRESENT

■ Appellant claims he was denied his right to be present at the jury instruction conference and the conference to determine the trial court's response to two jury questions. Appellant further contends that, because of his language deficiency, he was "functionally absent" from his arraignment and a portion of his sentencing hearing.

■ There is no right to be present at the jury instruction conference or the jury question conference. Article 1, § 10 of the Wyoming Constitution and the Sixth Amendment of the United States Constitution guarantee an accused the right to be present during trial and other critical stages of his prosecution. *Maupin v. State,* 694 P.2d 720, 722 (Wyo.1985). This right is incorporated into the Wyoming Rules of Criminal Procedure, providing: "The defendant shall be present at the initial appearance, at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence * * *." WYO. R.CRIM.P. 43(a). The defendant's presence, however, is not required "[a]t a conference or argument upon a question of law." WYO. R.CRIM.P. 43(c)(3). Our review of the record indicates the conferences encompassed purely legal issues and, therefore, appellant's presence was not required. *Dean v. State,* 865 P.2d 601, 614 (Wyo.1993).

■ Appellant next argues that, because of his language deficiency, he was "functionally absent" from his arraignment and a portion of his sentencing hearing. There is no evidence in the record that appellant had a language deficiency that inhibited his participation or that he was prejudiced by the absence of an interpreter. At arraignment, appellant pled "not guilty" to the charges. Before entering his plea, appellant advised the court that he could read and understand English. He also advised the court that he understood the charges filed against him and the possible penalties that could be imposed. Appellant responded appropriately and without hesitation to the rest of the court's questions. The sentencing hearing record also reveals that appellant had no trouble understanding or participating.

### EFFECTIVE ASSISTANCE OF COUNSEL

■ Appellant identifies a number of acts and omissions by trial counsel to support a claim that his constitutional right to effective assistance of counsel was violated. However, unless appellant can show that trial counsel's performance was deficient because counsel made errors so serious counsel was not functioning as the counsel guaranteed appellant by the Sixth Amendment and that the deficient performance prejudiced the defense,

there is no violation. *Frias v. State,* 722 P.2d 135, 145 (Wyo.1986) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)).

Appellant merely lists the acts and omissions, labels them as error and does not make the requisite showing of prejudice. Other portions of this opinion considered many of the items on the list, and no error was found. A review of the record finds no error occurred as a result of any of the remaining items listed by appellant. There was no error and no prejudice.

Affirmed.