**Tracy FORTNER, Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. 96–20.

Supreme Court of Wyoming.

Feb. 7, 1997.

Sylvia Lee Hackl, State Public Defender; Deborah Cornia; Donna D. Domonkos, Appellate Counsel, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sr. Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; T. Alan Elrod; Michael A. Iozzo; Clinton C. McKinzie, Student Interns, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Tracy Fortner appeals from his conviction and sentence for obtaining property by false pretenses, in violation of Wyo. Stat. § 6–3–407(a)(i). He claims several errors by the trial court resulted in denial of his right to a fair trial. Finding no error, we affirm the conviction and sentence.

## ISSUES

Appellant Tracy Fortner (Fortner) presents the following issues for our review:

I. Was the Appellant denied a fair trial when the State called Officer Dye to testify as an expert witness without notifying the Appellant of its intent to call Officer Dye contrary to pretrial discovery stipulation?

II. Was the Appellant denied a fair trial when the codefendant, Dan Hauge, testified the Appellant intentionally ran his truck off the cliff, the ultimate issue in this case?

III. Was the Appellant denied a fair trial when the State argued in its closing argument that since Mr. Hauge pled guilty the jury could convict the Appellant on his testimony alone?

Appellee State of Wyoming submits similar issues:

I. Was Appellant's right to a fair trial violated when the State did not notify Appellant of its intention to call Officer Dye as a rebuttal witness, and when the district court permitted the State to call Officer Dye as a rebuttal witness?

II. Was Appellant denied a fair trial when witness Dan Hauge testified that Appellant intentionally ran his truck off the highway in Shell Canyon?

III. Did counsel for the State improperly argue in closing that, because witness Hauge pleaded guilty to charges similar to those against Appellant, the jury should convict Appellant on Hauge's testimony alone?

## FACTS

On April 15, 1989, Fortner's 1967 International truck with a drilling rig mounted on it ran off the road and over a cliff in the Shell Canyon area. Fortner presented a claim to his insurer, CIGNA Insurance Company, and was paid $36,752.02 for the loss.

While Agent Burnett of the Division of Criminal Investigation was investigating environmental crimes involving Dan Hauge, Mr. Hauge told him that his former business partner, Fortner, intentionally ran his 1967 International truck with a drilling rig off a cliff in the Shell Canyon area. After an investigation, Fortner was charged with obtaining property by false pretenses for intentionally running his truck off a cliff in order to obtain the insurance proceeds. Hauge was charged and pled guilty to accessory after the fact for his part in the crime. During the entry of his guilty plea, Hauge stated

that he believed Fortner intentionally wrecked his truck.

Fortner maintains that he was driving the truck when his brakes failed and he was forced to jump out of the vehicle before it went over the cliff. Fortner was not injured in the accident. At the scene, Fortner told the responding highway patrol officer that he was traveling between 45 and 50 miles per hour when his brakes failed, but that he almost stopped the vehicle before it went over the cliff. At trial, Fortner testified that the vehicle was going 45 miles per hour when he jumped out.

Shortly after Fortner's testimony as to the speed of the truck prior to leaving the highway, the defense rested. The State then called Officer Dye (Dye) as a rebuttal expert witness. Fortner objected to the witness, on the ground that rebuttal testimony was not justified, and that the State had not produced Dye's statements or expert reports prior to trial pursuant to Wyo. R.Crim. P. 16. The district court allowed Dye to testify to rebut Fortner's testimony as to the speed the truck was traveling when he jumped out. Based on his observations of the scene, Dye estimated the speed of the rig at between eight and ten miles per hour when it went over the cliff.

During the State's closing argument, after mentioning that Hauge was an accomplice in the crime and pled guilty to helping Fortner, counsel referred to Hauge's testimony, saying that the jury could "convict this Defendant based on Mr. Hauge's testimony alone." The jury returned a verdict of guilty of obtaining property by false pretenses.

Fortner appeals the district court's decision allowing Dye to testify. He also alleges plain error occurred when Hauge was allowed to testify that Fortner intentionally ran the truck off the cliff and when the prosecutor made statements concerning Hauge's conviction and testimony.

## STANDARD OF REVIEW

▇ Fortner did not object to Hauge's testimony that Fortner intentionally ran the truck off the cliff or to the statements made

by the prosecutor which he contends amounted to reversible error.

> When an issue was not raised at trial, the appellant must establish that the alleged error was plain error. Failure to object at trial constitutes a waiver of the alleged error unless the error rises to the level of plain error. Appellant bears the burden of establishing plain error, and the rule is applied sparingly and only in special circumstances.

*King v. State,* 780 P.2d 943, 952 (Wyo.1989) (quoting *Lauthern v. State,* 769 P.2d 350, 357 (Wyo.1989)).

> This court will find plain error when the record clearly shows the incidents alleged as plain error. Appellant must demonstrate the violation of a clear and unequivocal rule of law, that a substantial right has been denied and that appellant was materially prejudiced.

*James v. State,* 888 P.2d 200, 207 (Wyo.1994) (citing *Lobatos v. State,* 875 P.2d 716, 721 (Wyo.1994) (citations omitted)).

 A trial court's evidentiary rulings will not be disturbed on appeal absent a clear abuse of discretion. *Wilson v. State,* 874 P.2d 215, 218 (Wyo.1994). Fortner has the burden of proving the trial court abused its discretion when it allowed Officer Dye to testify over counsel's objection.

> The appellant has the burden to demonstrate that an abuse of discretion exists. A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.

*Pearson v. State,* 811 P.2d 704, 707 (Wyo. 1991) (citations omitted).

## DISCUSSION

*Officer Dye's testimony*

Fortner claims the trial court abused its discretion when it allowed Officer Dye to testify as an expert concerning the speed the truck was traveling when the accident occurred. The State did not inform Fortner that it intended to call Officer Dye and Fortner claims 1) the parties entered into a discovery stipulation which included disclosure of any expert reports or documents; and 2) the trial court ordered both parties to produce a witness list in advance of trial and Officer Dye was not on the list.

Discovery in a criminal case is controlled by Wyo. R.Crim. P. 16, which states in pertinent part:

> (a) Disclosure of evidence by the state.
>
> (1) Information Subject to Disclosure.
>
> * * *
>
> (D) Reports of Examinations and Tests.—Upon written demand of a defendant, the state shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the state, and which are material to the preparation of the defense or are intended for use by the state as evidence in chief at the trial.
>
> * * *
>
> (d) Regulation by court.
>
> * * *
>
> (2) Failure to Comply.—If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The court may specify the time, place and manner of making the discovery and inspection and may pre-

scribe such terms and conditions as are just.

■ Fortner claims Officer Dye conducted scientific tests and experiments upon which he relied in formulating his expert testimony and those tests were not disclosed to him before trial. However, although there is testimony in the record that Dye inspected the scene, was provided with a copy of the accident report, reviewed the report, photographs and measurements taken at the scene and applied established principles of physics and mathematics to those measurements, no evidence supports Fortner's claim that Dye conducted scientific tests or experiments. Apparently, the State did not have any evidence which fell within the scope of Wyo. R.Crim. P. 16(a)(1)(D).

■ Fortner next contends that the State knew it was going to call Dye before trial. Based on that contention, he claims the State should have disclosed Dye as a potential witness and disclosed his work at the scene. Fortner claims that the failure to disclose this potential witness was an ambush technique and denied him of a fair trial. However, Fortner fails to direct our attention to any rule or Wyoming case which requires the State to notify the defendant of its intent to call an expert rebuttal witness. Further, the trial court's scheduling order dated April 5, 1995, expanded the requirements of Wyo. R.Crim. P. 16 only to the extent that the parties were to provide a list of the names and addresses of witnesses "that may be used in your case in chief." The State's "Trial Summary" filed on May 24, 1995, expressly reserved the State's right to call unnamed rebuttal witnesses if such became necessary. Finally, there is no support in the record for Fortner's contention that the parties stipulated to provide a list of possible rebuttal witnesses.

■ Clearly, Fortner could not be surprised when, after he testified that the truck was going 45 miles per hour when he jumped out of it, the State called an expert to rebut that testimony. Dye's testimony did not gain significance until Fortner testified he was traveling at a fairly high speed when the truck went off the cliff. Rebuttal testimony is always admissible to impeach or contradict the defendant, opponent or his witnesses. *State v. Alexander,* 78 Wyo. 324, 324 P.2d 831, 839 (Wyo.1958), *cert. denied,* 363 U.S. 850, 80 S.Ct. 1630, 4 L.Ed.2d 1733 (1960). Dye's testimony was proper rebuttal testimony, used to impeach or contradict Fortner's testimony.

■ Fortner asserts, but does not establish, unfair prejudice flowing from the trial court's decision to allow Dye's testimony. Fortner vigorously cross-examined Dye regarding his opinion and effectively elicited testimony that his estimates of the speed Fortner was traveling were not as certain or as inconsistent with Fortner's testimony as the State was attempting to paint them. The lack of notice regarding Dye's testimony did not deprive Fortner of a fair trial. The trial court is allowed considerable latitude in admitting or rejecting rebuttal evidence. *Alexander,* 324 P.2d at 839. The trial court did not abuse its discretion when it permitted Dye to testify.

### Co-defendant Hauge's testimony

■ Fortner claims the prosecutor elicited improper opinion testimony concerning whether Fortner intentionally drove the truck off the cliff. This argument is without merit. We agree that opinion testimony concerning the defendant's guilt is treated as error per se, when elicited by a prosecutor. *Bennett v. State,* 794 P.2d 879, 881 (Wyo. 1990). However, it is clear from the record that Fortner's counsel, not the State, used the transcript from Hauge's guilty plea proceeding and placed the transcript testimony he complains of into evidence. Counsel was apparently trying to argue that Hauge's testimony at his guilty plea proceeding was based on a subjective belief, not an objective fact. During re-direct examination Hauge merely testified that he was certain the act was intentional, not that he thought Fortner was guilty of the crime charged. No error exists when counsel for the defendant, as opposed to counsel for the State, elicits testimony concerning an element of a crime from a witness.

*Prosecutor's closing argument*

 Fortner claims that the prosecutor improperly used evidence of co-defendant Hauge's guilt to prove that the defendant is guilty. Fortner does not argue that it was error for the prosecutor to disclose or argue that Hauge pled guilty. He concedes that his counsel put that matter before the jury. Fortner complains of the following excerpt from the State's closing argument:

> Let's talk about Dan Hauge for a minute. He was an accomplice in this crime. He pled guilty to helping this Defendant, helping conceal this Defendant's crime. You can convict this Defendant based on Mr. Hauge's testimony alone. You have so much more. Mr. Hauge is a sole businessman in town. What did he have to gain? Did he look like a vengeful witness out to get Tracy Fortner? I submit to you that he was as reluctant as any witness you saw. He was a broken man. He risked his reputation, his business, his marriage, his family's friendship to testify. He risked everything.

Fortner contends this statement amounted to the State telling the jury that because Mr. Hauge pled guilty, Fortner should be found guilty. This is simply not the case. The State told the jury that it could "convict this Defendant based on Mr. Hauge's testimony alone," not on Mr. Hauge's guilt, or because Mr. Hauge pled guilty. Fortner has not met his burden of proving through a clear record of the closing argument that an unequivocal rule of law was violated during the prosecutor's closing argument.

## CONCLUSION

The district court did not err when it allowed expert rebuttal testimony from a witness who was not listed on the State's case-in-chief witness list. The record does not support Fortner's other claims of error. Therefore, we affirm.

LEHMAN, Justice, concurring, with whom TAYLOR, C.J., joins.

I concur with the technical analysis presented by the majority. The use of the expert witness by the State on rebuttal, how-

ever, is troublesome. One of the key issues in this trial was the speed of the vehicle at the time of the accident. From the accident report, the State was aware of the speed defendant was suggesting and, in response, the State requested an expert investigate. The expert, however, was not revealed to the court or the defendant until after the defendant testified to the speed, which was consistent with the accident report.

My concern is that if this was a purposeful tactic on the part of the State, it undermines the policy discovery purports to serve. Among the policies discovery serves is the resolution of disputes on their merit, not on tactics of counsel. Further, it visits surprise on a trial judge who has thoughtfully anticipated and addressed difficult issues through the pretrial process. Finally, it presents issues for appeal which would be unavailable had the State merely presented the evidence available during its case in chief.