IN THE SUPREME COURT, STATE OF WYOMING
2015 WY 5
OCTOBER TERM, A.D. 2014
January 8, 2015

THE STATE OF WYOMING,

Petitioner,

v.                                                                          S-14-0079

DUSTIN DEEN,

Respondent.

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Petitioner:*
> Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; and Nathan Henkes, Special Assistant Attorney General. Argument by Mr. Henkes.

*Representing Respondent:*
> Office of the State Public Defender: Diane Lozano, State Public Defender; and Tina N. Olson, Chief Appellate Counsel. Argument by Ms. Olson.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Dustin Deen was arrested and charged with delivery of and possession with intent to deliver a controlled substance.  He filed a motion to suppress the evidence seized during a search of his home, claiming the search was invalid because the warrant was served after 10 p.m. in violation of W.R.Cr.P. 41(c).  The district court agreed and granted the motion.  The State filed a petition for writ of review or certiorari in this Court, claiming the district court erred in granting the motion to suppress without first determining whether the violation of Rule 41 constituted prejudicial error.  We granted the petition.  We conclude that the district court erred in granting the suppression order.

## ISSUE

[¶2]    The issue for our determination is:

> Whether the district court properly suppressed evidence seized pursuant to a search warrant served after 10 p.m. in violation of Rule 41(c) as the product of an unreasonable search under the Fourth Amendment.[1]

## FACTS

[¶3]    During a traffic stop at approximately 4:15 on the afternoon of July 19, 2013, a Campbell County Sheriff's deputy searched the vehicle and found 44.7 grams of marijuana.  In an interview later that day after his arrest, the driver told investigator Troy Hipsag that he had purchased the marijuana from an individual known to him as Dustin at a house on Peaceful Valley Drive.  He said he had purchased marijuana from Dustin thirty to forty times since February, 2013.

[¶4]    Investigator Hipsag went to Peaceful Valley Drive and located the house described to him in the interview.  He called the county attorney and at approximately 7:05 p.m. met with him to prepare an affidavit and search warrant.  When he left the county attorney's office with the documents at approximately 8:35 p.m., Investigator Hipsag tried unsuccessfully to reach the on-call judge and a magistrate.  He finally reached a circuit court judge and was able to meet with her at approximately 9:20 p.m.  She reviewed the affidavit and signed the warrant.  Investigator Hipsag then went to the

---

[1]  In both the district court and this Court, Mr. Deen also asserted the search was unreasonable under Art. 1 § 4 of the Wyoming Constitution.  In his one-paragraph argument in district court, however, Mr. Deen did not assert, much less establish, that the Wyoming Constitution provides greater protection than the federal constitution under these circumstances.  "[W]hen a defendant fails to assert a cogent independent state constitutional based argument before the district court, a defendant fails to preserve such issues for appellate review." *Flood v. State*, 2007 WY 167, ¶ 12, 169 P.3d 538, 543 (Wyo. 2007), quoting *Lindsay v. State*, 2005 WY 34, ¶¶ 16-17, 108 P.3d 852, 856 (Wyo. 2005).

sheriff's office to organize a team to execute the warrant. They left the sheriff's office at approximately 10:02. On route to execute the search warrant, the officers' access to Peaceful Valley Drive was blocked by a passing train. They arrived at the house identified in the search warrant at 10:18 p.m. They searched the home and found marijuana, drug paraphernalia, and cash in small bills in Mr. Deen's bedroom.

[¶5]    Mr. Deen was arrested and charged with felony counts of delivery of a controlled substance and possession of a controlled substance with intent to deliver in violation of Wyo. Stat. Ann. § 35-7-1031(a)(ii). Prior to trial, Mr. Deen filed a motion to suppress the evidence seized in the search. He argued that the search was unlawful and in violation of his constitutional rights because the search warrant was served after 10 p.m. contrary to the plain language of the warrant allowing the search between the hours of 6 a.m. and 10 p.m. The State responded that the violation was procedural in nature, did not involve a violation of a fundamental right and should be treated as harmless error. After a hearing, the district court held that the search was executed outside the time parameters of the warrant and entered an order granting the motion to suppress the evidence seized in the search. The State filed its petition for writ in this Court, which the Court granted.

**STANDARD OF REVIEW**

[¶6]    When reviewing a decision on a motion to suppress evidence we defer to the district court's findings on factual issues unless they are clearly erroneous. *State v. Holohan,* 2012 WY 23, ¶ 8, 270 P.3d 693, 696 (Wyo. 2012), citing *Nava v. State*, 2010 WY 46, ¶ 7, 228 P.3d 1311, 1313 (Wyo. 2010). The constitutionality of a particular search and seizure, however, is a question of law that we review *de novo*. *Id.*

**DISCUSSION**

[¶7]    The State asserts that the district court erred when it concluded that the search was unconstitutional and the evidence must be suppressed based upon a procedural violation of W.R.Cr.P. 41(c). The State contends that a procedural violation of the rule is not the same as a constitutional violation and, by itself, does not establish that the search was unreasonable under the Fourth Amendment. The State argues further that the district court should have applied the "prejudicial error" test to determine whether suppression of the evidence was appropriate. The State asserts that Mr. Deen did not show that he was prejudiced as a result of the procedural violation of the rule; therefore, the violation did not make the search unconstitutional.

[¶8]    W.R.Cr.P. 41 addresses search and seizure. Subsection (c) of the rule states:

> (c) *Issuance and contents of warrant.* A warrant shall issue only on affidavit sworn to before a person authorized by law to administer oaths and establishing the

2

grounds for issuing the warrant. If the judicial officer is satisfied that the grounds for the application exist or that there is probable cause to believe that they exist, the judicial officer shall issue a warrant particularly identifying the property or person to be seized and naming or describing the person or place to be searched. Before ruling on a request for a warrant the judicial officer may require the affiant to appear personally and may examine under oath the affiant and any witnesses the affiant may produce, provided that such proceeding shall be taken down by a court reporter or recording equipment and made part of the affidavit. The warrant shall be directed to any officer authorized to enforce or assist in enforcing the state law. It shall state the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof. It shall command the officer to search, within a specified period of time not to exceed 10 days, the person or place named for the property or person specified. The warrant shall direct that it be served between 6 a.m. and 10 p.m., unless the issuing authority, by appropriate provision in the warrant, and reasonable cause shown, authorizes its execution at other times. It shall designate the judicial officer to whom it shall be returned. [Underline added.]

[¶9]   Pursuant to the plain language of the Rule, search warrants are to be served between 6 a.m. and 10 p.m. unless, upon a showing of reasonable cause, the warrant provides otherwise. The warrant issued in Mr. Deen's case provided that it was to be served between 6 a.m. and 10 p.m. Investigator Hipsag did not request a warrant providing for service at a different time. It is undisputed that service of the warrant at Mr. Deen's residence at just after 10:18 p.m. was in violation of Rule 41(c). The question is whether that violation required suppression of the evidence seized.

[¶10]  In *Murray v. State*, 855 P.2d 350, 355 (Wyo. 1993), this Court considered whether law enforcement's failure to inform the defendant at the time of his arrest of the charges against him as required by W.R.Cr.P. 4(c)(3) should lead to exclusion of his post-arrest statements. The version of the rule in effect at the time provided as follows:

> (c) Execution or service; and return.
> . . . .
>        (3) Manner.--The warrant shall be executed by the arrest of the defendant. The officer need not have the warrant in his possession at the time of the arrest, but upon request he shall show the warrant to the defendant as soon as possible.

3

> If the officer does not have the warrant in his possession at the time of the arrest, he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued. [Underline added.]

[¶11]  Contrary to this provision, law enforcement did not inform the defendant that he was under arrest for second degree murder or that a warrant had been issued until after he had been arrested, taken to jail and made incriminating statements to an investigator part way through an interview.  The Court said:

> One method for deterring future violations would be to exclude any evidence which had been obtained in violation of the rule.  However, we are not convinced that every violation of the rule warrants exclusion of the evidence.  The difficulty in arriving at an appropriate remedy is that the rules, by their nature, "blend constitutional limitations on police activity, procedural limitations designed to avoid constitutional violations, and purely administrative 'housekeeping' regulations." *United States v. Searp*, 586 F.2d 1117, 1123-24 (6th Cir.1978), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979).  The remedies should vary accordingly.  When the violation compromises a substantial or constitutional right, the exclusionary rule is an appropriate remedy, especially when the right is related to Fourth Amendment protections.  See Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 3.1(e) at 146 (1984).  But, when the violated rule is merely ministerial or technical, the exclusionary rule becomes a remedy out of proportion to the benefit to be gained.  The problem is in ascertaining whether the violation implicates a substantive right or merely a procedure designed to protect that right.

*Murray*, 835 P.2d at 355.

[¶12]  In *Murray*, the Court held that the violation of Rule 4(c)(3) "did not implicate a sufficiently substantive right to warrant exclusion of [the defendant's] statements."  855 P.2d at 355.  In reaching that result, the Court relied on *United States v. Shelton*, 742 F. Supp. 1491, 1502 (D. Wyo. 1990).  There, the court emphasized the difference "between the *right* to be free from unnecessary and frightening intrusions by the State into our homes in the middle of the night and the *procedures* which have been established to protect that right."  *Id.* quoting *United States v. Searp*, 586 F.2d 1117, 1122 (6th Cir. 1978).  It then adopted the following test for determining whether to apply the

4

exclusionary rule in cases involving search warrants issued in violation of Fed.R.Cr.P. 41:

> [V]iolations of Rule 41 alone should not lead to exclusion unless (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule.

*Murray,* 855 P.2d at 355, quoting *Shelton*, 742 F. Supp. at 1502.

[¶13]  Applying this test, the Court in *Murray* looked first to whether the defendant was prejudiced by the violation. To make that determination, the Court considered the violation in light of the rights W.R.Cr.P. 4(c)(3) might be designed to protect:  1)  to prevent the unexplained detention of a lawfully arrested defendant, and 2) to safeguard a defendant's privilege against self-incrimination.  *Id.*, 855 P.2d at 355-356.  The Court concluded the defendant was not prejudiced by law enforcement's failure to inform him that he was being charged with second degree murder because his statements during the arrest showed he knew that he was being arrested for shooting the victim and he made the incriminating statement knowing that was the reason for his arrest.  Considering the second part of the *Shelton* test, the Court concluded the facts did not support a finding that law enforcement deliberately, and in bad faith, violated W.R.Cr.P. 4(c)(3).  *Id.* at 356.

[¶14]  Employing this same analysis, we begin by considering whether Mr. Deen was prejudiced by the Rule 41 violation, looking first at the right the rule was intended to protect.  It is clear from our precedent that it was intended to protect the right of privacy.  "It is axiomatic that 'a home is entitled to special dignity and special sanctity and that the proper way to search a home is to obtain a search warrant.'"  *Johnson v. State*, 2010 WY 47, ¶ 7, 228 P.3d 1306, 1310 (Wyo. 2010), quoting *Brown v. State*, 738 P.2d 1092, 1094 (Wyo. 1987).

> Historically, there has been a strong aversion to nighttime searches.  Searches of private dwellings executed during the nighttime take on additional constitutional significance.  The fourth amendment protects individual privacy, and entry into an occupied dwelling in the middle of the night is clearly a greater invasion of privacy than entry executed during the daytime.  "A knock at the door is more alarming in the middle of the night, and it is no less so because the officer knocking has a search warrant."

*Roose v. State*, 759 P.2d 478, 486 (Wyo. 1988), quoting *State v. Lindner*, 100 Idaho 37, 592 P.2d 852, 857 (1979). Consistent with the Fourth Amendment's prohibition of unreasonable searches, Rule 41(c) prohibits nighttime searches of private dwellings except when reasonable cause is shown for conducting the search after 10 p.m.

[¶15] No showing of reasonable cause was made for searching Mr. Deen's residence after 10 p.m. However, when law enforcement entered the residence there was a lamp on in the living room, a fully clothed female came into the room from the hallway and a male, also fully clothed, came out of the first bedroom. Mr. Deen and a third male were also fully clothed. This was not a situation where law enforcement entered a private dwelling late at night when the occupants were asleep in their beds.

[¶16] Additionally, Investigator Hipsag testified that if he had realized it was after 10 p.m., he probably would have contacted the judge again and tried to obtain an endorsement allowing execution of the search warrant after 10 p.m. Otherwise, he testified, he most likely would have secured the residence by posting law enforcement outside and waited until 6 a.m. to execute the warrant. One way or the other a search was going to happen in the next eight hours.

[¶17] Given these facts, we conclude that Mr. Deen was not prejudiced by service of the search warrant at just after 10:18 p.m. The occupants of the residence were awake when law enforcement arrived. The search was going to occur either that night with a nighttime endorsement or early the next morning without an endorsement. In the latter event, a search in compliance with Rule 4(c) at 6 a.m. when the occupants might well have been asleep would have been more abrasive than the 10:18 search when they were awake. Under the first part of the test this Court adopted in *Murray*, 855 P.2d at 355, there was no prejudice "in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed."

[¶18] There also was no evidence of intentional and deliberate disregard of Rule 4(c). Investigator Hipsag testified that at the time of the search he did not realize it was after 10 p.m. He did not discover it was after 10 p.m. until two days later when he looked at the radio log. He testified that it was "absolutely not" a willful violation of the 10 p.m. to 6 a.m. rule; it was an "oversight." He also testified that had he realized it was after 10 p.m., he would not have executed the warrant. The district court expressly found credible the testimony that there was no intent on the part of law enforcement to serve the warrant outside the warrant's time limitations. Under the second part of the *Murray* test, there was no evidence of an intentional and deliberate disregard of the rule supporting a determination that Mr. Deen was prejudiced by execution of the search warrant just after 10:18 p.m. Because Mr. Deen was not prejudiced, exclusion of the evidence seized in the search was not warranted. *Murray*, 855 P.2d at 355.

[¶19]  *Shelton*, 742 F.Supp. 1491, provides further support for this result.  A state district court judge issued warrants stating that they could be executed at any time, day or night.  However, the supporting affidavits did not demonstrate that cause existed for executing the warrants at night and the issuing judge did not find that cause existed for nighttime execution.  *Id*. at 1494, 1501-1502.  The defendants sought suppression of the evidence seized in the search based upon the rule violation.  The reviewing court concluded that execution of the warrant at nighttime was in violation of W.R.Cr.P. 41, but that suppression of the evidence seized in the search was not warranted.  *Id*. at 1503.  The Court stated:

> First, the Court was given no evidence that the defendants were prejudiced by the nighttime service.  There has been no showing that the searches . . . would not have occurred absent the prompt nighttime execution of the warrants.  In fact, all indications are that the two locations would have remained secured by the task force agents until the warrants could be executed.  No evidence was presented suggesting that the searches were abrasive in character because of the time at which they were executed.  No one was in the residence at the time.
>
> Second, there has been no allegation of either intentional or deliberate disregard by the agents for the requirements of the Wyoming Statute or rule.  Actually, the evidence suggested just the opposite, that the agent preparing the affidavit may or may not have been aware that nighttime execution of warrants always requires an additional showing of cause.

*Id*., 742 F.Supp. 1503.

[¶20]  In support of his argument to the contrary, Mr. Deen cites *O'Rourke v. City of Norman*, 875 F.2d 1465, 1467 (10th Cir. 1989), in which police officers entered a private residence at 10 p.m. to execute a state, daytime bench warrant for the arrest of the homeowners' emancipated daughter for contempt for failing to appear in small claims court to show cause for not paying $125.00 owed to her roommate.  Although the homeowners informed the officers that their daughter was not in the home, they searched every room in the house.  *Id.* at 1467-68.  The homeowners filed an action against the city and police officers alleging that the search was unreasonable and violated 42 U.S.C. § 1983.  The Court held that the search of the home at 10 p.m. without a nighttime endorsement on the warrant was unreasonable under the Fourth Amendment.

7

[¶21]  *O'Rourke*, a case decided a year before *Shelton*, is distinguishable from Mr. Deen's case.  It was a civil rights case rather than a criminal case.  The warrant resulted from the daughter's failure to appear in small claims court in a case involving a $125.00 debt.   The home the police officers entered belonged to the daughter's parents, who were not the subject of the warrant.  The test adopted in *Shelton* was not addressed or applied, and the issue was whether the search was reasonable under the Fourth Amendment, not whether evidence seized in the search should be suppressed.  *O'Rourke* simply did not involve the exclusionary rule.  For these reasons, we find it to be of little precedential value for purposes of the present case.

[¶22]  Mr. Deen also cites cases from other courts that have applied the exclusionary rule to evidence seized pursuant to search warrants that failed to comply with a statute or rule. Those courts either have not addressed or have expressly rejected the test this Court adopted in *Murray*, 855 P.2d, 355.  *See also Lobatos v. State*, 875 P.2d 716, 723 (Wyo. 1994), noting disagreement with the argument that a violation of Wyo. Stat. Ann. § 35-7-1045(e), authorizing no-knock search warrants only for controlled substances violations carrying a penalty of imprisonment for more than one year, would automatically result in exclusion of the evidence seized.  Applying our precedent, the violation of Rule 41(c) did not warrant suppression of the evidence seized in the search under the circumstances presented here.

[¶23]  We reverse the order suppressing the evidence seized in the search and remand for further proceedings.