2007 WY 143

**Daniel Earl SHUMAKER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–33.

Supreme Court of Wyoming.

Sept. 7, 2007.

Representing Appellant: Kenneth M. Koski, State Public Defender, PDP; Donna D. Domonkos, Appellate Counsel; Tina N. Kerin, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]   Mr. Shumaker challenges the sufficiency of the evidence to support his conviction by a jury of possessing marijuana with intent to deliver.  He claims that the State failed to prove he possessed marijuana in violation of Wyoming statutes because law enforcement only recovered marijuana stems and seeds from his home.  Relying on the definition of marijuana set out in Wyo. Stat. Ann. § 35–7–1002(a)(xiv) (LexisNexis 2007), which exempts some types of marijuana stems and seeds, he claims the State was required to prove that the stems and seeds recovered from his home did not fall within the exemption and the State failed to satisfy that burden.  We conclude there was sufficient circumstantial evidence for the jury to conclude that he possessed marijuana prohibited by Wyoming statutes.  Consequently, we affirm.

## ISSUE

[¶ 2]   Mr. Shumaker presents the following issue on appeal:

> Was there insufficient evidence to convict appellant of possession of a controlled substance, marijuana, with intent to deliver, where the evidence presented during trial revealed that appellant possessed seeds and stems?

## FACTS

[¶ 3]   On September 26, 2004, Mr. Shumaker's girlfriend informed law enforcement that she had witnessed him sexually abusing her infant daughter.  Law enforcement executed a search warrant for Mr. Shumaker's home in Casper, Wyoming and recovered a silver platter containing marijuana stems and seeds, together with other paraphernalia associated with drug use and sale.

[¶ 4]   Mr. Shumaker was arrested and agreed to be interviewed by a detective.  During the interview, he admitted to possessing and using marijuana.  He also indicated that he had sold marijuana to friends.  The State charged him with five counts, including four counts pertaining to the alleged assault on the child and one count of possession with intent to deliver a controlled substance, mari-

juana, in violation of Wyo. Stat. Ann. § 35–7–1031(a) (LexisNexis 2007).

[¶ 5] The matter went to trial before a jury in June 2005. At the conclusion of the State's case-in-chief, defense counsel moved for a judgment of acquittal on all counts. The district court denied the motion, concluding there was sufficient evidence for the trial to continue. The jury returned a verdict acquitting Mr. Shumaker of the four assault counts but finding him guilty of the drug charge, and the district court entered a judgment on the jury's verdict. After the district court sentenced him, Mr. Shumaker filed a timely notice of appeal.

## STANDARD OF REVIEW

[¶ 6] Mr. Shumaker claims the State did not present sufficient evidence to support the jury's conclusion that he was guilty of possessing marijuana with intent to deliver. In determining whether sufficient evidence was presented to sustain Mr. Shumaker's conviction, we apply the following standard:

> [W]e examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it. We do not consider conflicting evidence presented by the defendant. We do not substitute our judgment for that of the jury; rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt. This standard applies whether the supporting evidence is direct or circumstantial.

*Martin v. State*, 2007 WY 2, ¶ 32, 149 P.3d 707, 715 (Wyo.2007) citing *Butcher v. State*, 2005 WY 146, ¶ 16, 123 P.3d 543, 549 (Wyo. 2005). *See also, Garay v. State*, 2007 WY 130, ¶ 2, 165 P.3d 99 (Wyo.2007).

## DISCUSSION

[¶ 7] Mr. Shumaker was convicted of possession with intent to deliver marijuana in violation of § 35–7–1031(a).[1] The district court instructed the jury that in order to convict Mr. Shumaker of the charged crime

---

1. Section 35–7–1031(a) states in relevant part:
   (a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

it had to find that the State proved, beyond a reasonable doubt, each of the following elements:

1. On or about the 26th day of September, 2004
2. In Natrona County, State of Wyoming
3. The Defendant, Daniel Earl Shumaker
4. Possessed a controlled substance, [m]arijuana, with intent to deliver it to another person.

[¶ 8] Mr. Shumaker's challenge on appeal is limited to the sufficiency of the evidence to support the jury's finding that the substance he possessed was illegal marijuana. Mr. Shumaker's argument focuses on the definition of marijuana set out in § 35–7–1002(a)(xiv) (emphasis added):

> (xiv) "**Marihuana**" means all parts of the plant of the genus Cannabis, whether growing or not; the seed thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin. It **does not include the mature stalks of the plant,** fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake, **or the sterilized seed of the plant which is incapable of germination**[.]

He claims the State had the burden of proving that the stems and seeds recovered from his home were not "mature stalks" or "sterilized seed of the plant which is incapable of germination." *Id.*

[¶ 9] In response, the State argues that, as defendant, Mr. Shumaker had the obligation to prove the substances he possessed fell within the exemption. In support of its argument, the State directs us to Wyo. Stat. Ann. § 35–7–1050(a) (LexisNexis 2007) which provides:

> * * *
>
> (ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime and upon conviction may be imprisoned for not more than ten (10) years, fined not more than ten thousand dollars ($10,000.00), or both[.]

(a) It is not necessary for the state to negate any exemption or exception in this act[2] in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this act. The burden of proof of any exemption or exception is upon the person claiming it.

(footnote added).

[¶ 10] After considering the record on appeal, we conclude it is unnecessary for us to decide which party had the burden of proving whether the stems and seeds recovered by law enforcement from Mr. Shumaker's home fell within the statutory definition of marijuana. Instead, we conclude there was sufficient circumstantial evidence that he possessed illegal marijuana to sustain his conviction.

[¶ 11] In *Urrutia v. State*, 924 P.2d 965, 968 (Wyo.1996), we held: "The prosecution may rely on circumstantial evidence to prove identity of the controlled substance because 'unlawful distribution of a substance, which by its nature is to be consumed, should not escape prosecution because the state could not seize a sample of the substance.'" *Id.* at 968, quoting *Lobatos v. State*, 875 P.2d 716, 720 (Wyo.1994). *See also*, 28A C.J.S. *Drugs and Narcotics* § 244 (2007); William A. Harrington, LL.B., Annotation, *Sufficiency of Prosecution Proof That Substance Defendant is Charged with Possessing or Selling, or Otherwise Unlawfully Dealing in, is Marijuana*, 75 A.L.R.3d 717 (1977). The specifics of *Urrutia* are pertinent to our analysis here. Mr. Urrutia argued the State did not present sufficient evidence to support his conviction for possession with intent to deliver marijuana. He claimed the State did not prove "the substance he possessed was actually marijuana" because law enforcement did not recover any marijuana during the investigation. *Urrutia*, 924 P.2d at 968. We held the following circumstantial evidence was sufficient to establish that Mr. Urrutia possessed marijuana: 1) he admitted he used marijuana; 2) he acknowledged he was present when marijuana sales were being completed; 3) a witness who was an experienced drug user testified he knew the substance he delivered to Mr. Urrutia was marijuana and

small amounts of the substance were sold for substantial amounts of money. *Id.*

[¶ 12] In the case at bar, law enforcement recovered the following evidence from Mr. Shumaker's home: a silver tray with marijuana stems and seeds; a scale; pipes and bongs for smoking marijuana containing marijuana residue; baggies used by drug dealers to package marijuana; and $345 in cash. All of these items were located on or near a computer desk in Mr. Shumaker's living room. In addition, Mr. Shumaker's girlfriend testified she had seen him use and sell marijuana. Another witness, Arron Eggleston, who described himself as the "adopted" brother of Mr. Shumaker's girlfriend, testified he purchased marijuana from, and smoked it with, Mr. Shumaker several times during the month of September 2004. Mr. Eggleston also testified Mr. Shumaker kept the marijuana on a silver tray in his living room near his computer and that he charged $40 for one half ounce of the marijuana.

[¶ 13] Mr. Shumaker admitted to the detective who interviewed him that he smoked marijuana and had, on occasion, sold it to his friends. He also testified at the trial:

Q. * * * Daniel, you heard that there were — there was marijuana found in your apartment; correct?

A. Correct.

Q. In what form was that marijuana?

A. That was the last of many a sack. I mean, it was stems and seeds. I had no more pot. I just finished smoking it, so that's why when the cops arrested me, you know, I was more than willing to go because I'm—I don't know. I didn't really think that I was going to get in that much trouble. I figured the paraphernalia would have been my problem, not stems and seeds.

Q. And Daniel, what were you planning on doing with the stems and seeds that were found in your apartment?

---

**2.** Wyo. Stat. Ann. § 35–7–1002(a)(xxviii) states: '"This act' means W.S. 35–7–1001 through 35–7–1060" which includes the provision at issue here, § 35–7–1031.

A. Throwing them away. I mean, there's nothing that you do with stems and seeds.

[¶ 14] This evidence was sufficient to support the jury's conclusion that, on or about September 26, 2004, Mr. Shumaker possessed illegal marijuana as defined in § 35–7–1002(a)(xiv). The facts that law enforcement only recovered stems and seeds when they searched his home and no specific evidence was presented at trial to establish whether the seeds and stems were or were not exempt from the statutory definition of marijuana did not preclude a finding that he had possessed illegal marijuana. In fact, when the stems and seeds are considered together with the other evidence, including the paraphernalia and Mr. Shumaker's admission that the stems and seeds were what was left of "many a bag" and he had "just finished" smoking the rest of the marijuana before law enforcement arrived, it is obvious sufficient circumstantial evidence existed to allow the jury to conclude that Mr. Shumaker had possessed marijuana in violation of Wyoming statutes.

[¶ 15] Affirmed.